**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BETTY BENSON, an individual, | No. 12-15834 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-05772-HRL |
| v. | |
| CITY OF SAN JOSE, a public entity; BRIAN PETTIS, Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

John Benson ("Benson") and Betty Benson appeal the district court's grant

of summary judgment to the City of San Jose and Officer Brian Pettis ("Pettis")

(collectively, "Appellees") on their 42 U.S.C. § 1983 Fourth Amendment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

unreasonable seizure and related federal claims. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and reverse and remand in part.

**1.** The district court determined that Benson's encounter with Pettis was consensual. However, viewing the facts in the light most favorable to the Bensons, we find that they have raised a triable issue as to whether an unlawful seizure occurred. **AA 337.** Benson stated in his declaration that Pettis retained Benson's identification card, "told or asked [Benson] to stay where he was," and "told [Benson] to get on the bus." Pettis's commands—this "show of official authority," *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)—transformed what may have begun as a consensual encounter into a seizure.[1] *See Florida v. Royer*, 460 U.S. 491, 501 (1983) (seizure effected where officers retain a person's identification papers and—without informing the individual that he is free to leave—ask questions or make demands); *Chan-Jimenez*, 125 F.3d at 1326 (same); *United States v. Jordan*, 958 F.2d 1085, 1087 (D.C. Cir. 1992) (same).

---

[1] The dissent would hold that Benson was not "seized" because Pettis did not initiate further inquiry before returning Benson's identification. "[A] seizure occurs when a law enforcement officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). Viewing the totality of the circumstances, a reasonable trier of fact could find that Pettis's conduct could have conveyed to a reasonable person that he was not free to leave, even if Pettis did not initiate any further inquiry prior to returning the identification. *See id*.

2

**2.**     The district court, finding no seizure, did not address whether Pettis had reasonable suspicion.  On Benson's facts, which we must credit, there is a genuine factual dispute as to whether Pettis had a reasonable suspicion "that criminal activity [was] afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968).  Benson testified that he was standing close to the bus stop facing the road, and not—as Pettis alleges—facing Guadalupe Elementary School, with his "arms [] over the top of the [school's] fence," watching schoolchildren play.  Benson's testimony contradicts Pettis's alleged reason for the contact: "that [Benson] was staring at the children for a various number of reasons that seemed abnormal"—that, in other words, Benson "was a sex offender, or looking to do a kidnapping [*sic*]."

Appellees' invocation of California's anti-loitering provision, Cal. Penal Code § 653b(a), also fails.  On this record, Pettis never once stated that he approached Benson because he suspected that Benson was loitering.  *Terry* demands that Pettis had reasonable suspicion "at the time [he] seized" Benson.  *Id.* Ex post facto justifications by counsel are not an adequate proxy.

**3.**     The district court dismissed Benson's Equal Protection claim.  *Bingham v. City of Manhattan Beach*, 341 F.3d 939 (9th Cir. 2003), *overruled on other grounds by Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 956 n.14 (9th Cir. 2010), controls, and we affirm.  As in *Bingham*, Benson failed to produce

3

"some tangible evidence in the record that tends to support his conclusion" that the seizure was racially motivated—evidence, for instance, that Pettis or the San Jose Police Department had a practice, or engaged in a pattern, of seizing African-Americans or that Pettis made a race-related remark during the encounter. *Id.* at 954 (Reinhardt, J., concurring).

**4.**     On Benson's facts, Pettis is not entitled to qualified immunity, because it was clearly established in 2011 that Pettis's retention of Benson's identification papers combined with Pettis's command (or request) that Benson stay put constituted a seizure. *See Royer*, 460 U.S. at 501. It was also clearly established that, on Benson's facts, Pettis lacked reasonable suspicion for the seizure. *Terry*, 392 U.S. at 27.

**5.**     The Supreme Court has stated that:

> when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Because a jury could find that Chief Davis's conclusion that "Pettis had acted reasonably and within Police Department policy and procedure," constituted

4

official approval of Pettis's decision and the basis for it, we remand on the question of municipal liability.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs.

*Benson v. City of San Jose*, No. 12-15834

WATFORD, Circuit Judge, dissenting in part:

I would affirm as to the Fourth Amendment claim. Even taking the facts in the light most favorable to the Bensons, as we must, I don't think we can say that a Fourth Amendment seizure occurred here. An officer may request a person's identification and retain it for as long as necessary to run a background check without effectuating a seizure. *See Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cnty.*, 542 U.S. 177, 185 (2004); *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). A seizure occurs only if the officer retains an individual's identification for longer than necessary and initiates further inquiry before returning it. *Chan-Jimenez*, 125 F.3d at 1326. Officer Pettis did not initiate further inquiry or investigation before returning Mr. Benson's identification, so no Fourth Amendment seizure occurred. That remains true regardless of whether Pettis told Benson to stay where he was while Pettis conducted the background check.